CLD-059                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3044
_____

IN RE:  PALANI KARUPAIYAN,
                                                     Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:23-cv-02005)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 18, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 14, 2024)
_____

OPINION[*]
_____

PER CURIAM

    In the United States District Court for the District of New Jersey, Palani

Karupaiyan, a frequent litigant, sought to file suit in forma pauperis ("IFP") against

Wipro Limited ("Wipro") and officials at that company (among others).  The District

Court denied the IFP application without prejudice as inconsistent and incomplete.  At

that time, the District Court screened Karupaiyan's complaint and dismissed it, in part

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

with prejudice and in part without, with leave to amend if the District Court reopened the matter on Karupaiyan's submission of the filing fee or a proper and complete IFP application. In the District Court, Karupaiyan filed a notice of appeal, which opened C.A. No. 23-2424. He also filed a petition for writ of mandamus and prohibition in this Court.

In his petition, which he has twice amended, Karupaiyan seeks several orders against Wipro and its associated entities (including orders requiring the companies to pay him 25 million dollars, requiring Wipro to transfer ownership of the companies to him, and barring Wipro from obtaining visas for some of its employees). He complains of Wipro's outsourcing and other employment actions in ways that overlap somewhat with the allegations that he raised in his District Court complaint.

Upon review, we will deny the petition. Under 28 U.S.C. § 1651, we have the authority to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." Those writs include the drastic remedies of writs of mandamus and prohibition in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Traditionally, we issue such writs only when a district court "has made an error of 'jurisdictional' dimension," and we use them "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." See United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (internal quotation marks and citation omitted). Karupaiyan, who objects to the actions of Wipro and other private parties and

2

requests orders directed to them, not the District Court or District Judge, does not present a situation in which such a writ is appropriate.

While our jurisdiction to issue the writs "lies in cases in which potential appellate jurisdiction exists," In re Richards, 213 F.3d 773, 779 (3d Cir. 2000), we do not have potential jurisdiction, appellate or otherwise, over the claims against Wipro (and its associated entities) presented for our consideration in the first instance. See O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 763 n.3 (3d Cir. 2021) (citing the established principle that the Court is "a court of review, not of first view"). And, to the extent that Karupaiyan seeks, in his petition, review of the District Court's ruling, that ruling is not within "a carefully circumscribed and discrete category of district court orders" that we can review in mandamus or prohibition. Madden v. Myers, 102 F.3d 74, 76–77 (3d Cir. 1996), superseded in part by 3d Cir. L.A.R. 24.1(c) (2011); see also United States v. Santtini, 963 F.2d 585, 593-94 (3d Cir. 1992) (noting that the requirements are the same for obtaining either writ). Mandamus or prohibition may not be used as a substitute for appeal. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

For these reasons, we will deny Karupaiyan's petition.